JAMES L. ROWLAND *vs.* STEPHEN W. DOLBY, JR.

*When Broker Not Entitled to a Factor's Lien on Goods.*

A broker sold for the defendant a quantity of canned goods which defendant put into the possession of the broker to be by him delivered to the purchaser. On account of delays the purchaser refused to accept the goods and the broker stored them, taking a warehouse receipt in his own name, which he subsequently gave to the defendant, unendorsed. The broker filed the bill in this case alleging indebtedness of the defendant to him for his commissions on the sale so made, and for certain advances, and asked that a trustee be appointed to sell the goods. *Held*, that under these circumstances the broker is not entitled to a factor's lien on the goods either at common law or under Code Art. 2, because they were not consigned to him for sale but for delivery to the purchaser after the sale, and also because the broker had given the warehouse receipt to the defendant, thus depriving himself of both actual and constructive possession.

The lien of a factor for commissions and expenses on goods consigned to him depends upon his possession of the goods, and is lost when it is parted with.

Appeal from the Circuit Court No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE and SCHMUCKER, JJ.

*Leigh Bonsal* (with whom was *Edgar G. Miller, Jr.*, on the brief), for the appellant.

*Robert P. Graham* (with whom was *James E. Ingram, Jr.*, on the brief ), for the appellee.

FOWLER, J., delivered the opinion of the Court.

James L. Rowland is a broker dealing in canned goods. He filed a bill against the firm of Dolby & Statton in which he alleges that in October, 1902, he sold for them a large quantity of canned tomatoes, among which was a sale on the 30th of that month of 3,000 cases for $5,400 to the Sciota Canning Company; that on these sales there is due him the usual brokerage of two per cent or $198, and the additional sum of $131.30 which he advanced to pay freight and other items making a total indebtedness of $329.30; that he stored with the Terminal Warehouse Co. 850 cases being part of the shipment which had been sold to the Sciota Canning Company and which that company had refused to take on account of the great and unusual delay in delivery; that for the 850 cases so stored he took a warehouse receipt in his own name and subsequently, for the purpose of getting a settlement, delivered it unendorsed to Dolby & Statton; that they have refused to pay the amount due him and that as neither he nor they can get possession of the goods, he, because he no longer has possession of the warehouse receipt and they, because the receipt is not endorsed by him, he asks the Court to appoint a trustee to sell the goods and that the proceeds may be applied, after the payment of the charges of the warehouse company and the costs of this suit, to the payment of the debt due him and the balance if any to Dolby & Statton.

There was also an amended bill filed in which it is alleged paragraph 3 that on December 18th, the defendant shipped to him 850 cases of tomatoes which had been entrusted to him by said defendant. But how or why or for what purpose these goods were so entrusted to him by the defendant is not alleged in the amended bill. If, however, we read the latter in connection with and as part of the original bill (*Wagoner* v. *Wagoner*, 78 Md. 189), it will appear that the goods in controversy were entrusted to the plaintiff to be delivered by him to

the Scotia Canning Company, the purchaser. The defendant demurred to both bills and the Court below having sustained the demurrers the plaintiff has appealed.

The single question presented is whether the plaintiff is entitled to a factor's lien.

This question leads in the first place to the inquiry whether the plaintiff, under the facts of this case, as alleged in the bill and admitted by the demurrer, is a factor within the meaning of that term at common law or under our statute relating to agents and factors, Art. 2 of the Code. A factor is defined to be "a commercial agent to whom the possession of personal property is entrusted by or for the owner to be sold for a compensation, in pursuance of the agent's usual trade or business." 12 *Am. & Eng. Encyl.* 628. And it is a well-settled rule of the common law that a factor has a lien upon goods so consigned to him *while in his possession* for all commissions, advances and expenditures properly incurred in the relation of principal and factor. *Ib.*, p. 676. And our Factor's Act (Code, Art. 2, sec. 1), provides that if goods, &c., are intrusted to any person for the *purpose of consignment or sale* and who shall have shipped or consigned the same in his own name, and any person in whose name any goods shall be shipped or consigned by any other person, shall be taken to be the true owner thereof, so far as to entitle the consignee to a lien thereon for any money, &c., advanced for the use of the person in whose name such goods, &c., shall be shipped or consigned * * * in the same manner as if such person were the true owner. But those provisions have no application to the facts of this case; for here the demurrer admits that the sole purpose for which the goods were placed in the plaintiffs possession was to deliver them to the purchaser. Nor for the same reason can the plaintiff be brought within the definition of a factor at common law, for, as we have seen such a factor is defined to be an agent to whom the possession of goods is intrusted to be sold for a compensation. But, again, whatever the right of factors may be at common law or otherwise in regard to a lien for commissions and advances, all the authori-

ties agree that such right is based primarily upon possession. 12 *Am. & Eng. Encyl.*, p. 680, note 3. In the case of *Ruhl & Son* v. *Corner & Co.*, 63 Md. 185, it is said, quoting from the opinion of JUDGE WASHINGTON in the case of *Walter* v. *Ross*, 2 Wash. Cir. Ct. Rep. 285, that to perfect a factor's lien he must acquire and retain an actual possession, and that constructive possession will not do. It is not necessary in this case to hold that the extreme rule of actual possession should in all cases be applied to entitle a factor to a lien for it appears both in the original and amended bills that the plaintiff had not only voluntarily deprived himself of such possession by placing the goods in the storage warehouse, but he had delivered to the defendant the warehouse receipt, thus depriving himself of both actual and constructive possession. Altogether aside from these considerations, however, it is apparent from the allegations of the bill that the goods were put in the possession of the plaintiff not as a factor for sale, but after they had been sold, for the purpose of delivering them to the purchaser, the Sciota Canning Company. If this be so it cannot be contended that the law would imply a right of lien in the plaintiff which would enable him to hold the goods or sell them to repay himself out of the proceeds in defiance of the understanding that he was to deliver them to the Sciota Company. The fact that the purchaser refused to accept them cannot alter the condition on which they were put in the plaintiff's possession.

It was contended by the plaintiff that whatever doubt there may have been as to the relation of the parties prior to the 18th December—there can be none that after that time their relation was that of *factor* and principal because on that date the goods were entrusted to the plaintiff by the defendant. But how entrusted? Certainly not for sale, for the bill alleges that they were sent to him to be by him delivered to the Sciota Company who had purchased them in October.

It follows that there was no error in sustaining the demurrer, and the judgment appealed from will be affirmed.

*Order affirmed with costs.*

(Decided January 12th, 1905.)